10-610-cv
Jean v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand eleven.

Present:    RALPH K. WINTER,
            ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,

_____

FRANTZ JEAN,

                    *Plaintiff-Appellant*,

                    - v -                         No. 10-610-cv

 JONATHAN MONTINA,

                    *Defendant*,

CITY OF NEW YORK, CHRISTOPHER OTTOMANELLI, POLICE OFFICER,

                    *Defendants-Appellees*.[*]

_____

_____

[*] The Clerk of the Court is directed to amend the caption as set forth above.

For Plaintiff-Appellant:      CHIDI EZE, ESQ., Brooklyn, N.Y.

For Defendants-Appellees City of New  LARRY A. SONNENSHEIN (Jessica T. Cohen,
York and Christopher Ottomanelli:   Sharyn Michele Rootenberg, *on the brief*), *of counsel*, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Reyes, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Frantz Jean appeals from the judgment of the United States District Court for the Eastern District of New York (Reyes, *M.J.*) dismissing his complaint following the court's October 22, 2009 opinion and order granting defendants City of New York and Ottomanelli's motion for summary judgment. We assume the parties' familiarity with the facts and procedural history of the case and the specification of issues on appeal.

On appeal, Jean challenges the dismissal of his federal false arrest and imprisonment and malicious prosecution claims. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." *Amore v. Novarro*, 624 F.3d 522, 529 (2d Cir. 2010) (omission in original) (quoting Fed. R. Civ. P. 56(c) (2010)) (internal quotation marks omitted). "The court construes all evidence in the light most favorable to the non-moving party, drawing all inferences and resolving all ambiguities in his favor. We review the district court's denial of summary judgment on qualified immunity grounds, as in other contexts, *de novo*." *Id.* (citation omitted).

Jean's false arrest and imprisonment claim requires, *inter alia*, that "the defendant

2

intentionally confined [the plaintiff] without his consent and without justification." *Id.* at 532 n.13

(quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation mark omitted); *see*

*also Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004) ("In analyzing § 1983 claims for

unconstitutional false arrest, we have generally looked to the law of the state in which the arrest

occurred."). However, "the existence of probable cause is an absolute defense to a false arrest

claim." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 139 (2d Cir. 2010) (quoting *Jaegly v.*

*Couch*, 439 F.3d 149, 152 (2d Cir. 2006)) (internal quotation marks omitted).

Upon careful review of the record, we conclude that Ottomanelli had probable cause to arrest

Jean, and therefore hold that the dismissal of this claim was proper. At the time of Jean's arrest,

Ottmanelli had before him evidence of an assault, including his observations of Montina's injury

and Dean Franzese's statement that an altercation had taken place. Moreover, his arrest was based

on a facially reliable identification of Jean as the assaulter by Montina, the perceived victim.

Nonetheless, Jean argues that Ottomanelli lacked probable cause for the arrest because he failed to

interrogate Jean, to interview eyewitnesses, or to discover and read written statements. However,

there is no indication that Ottomanelli "deliberately disregard[ed] facts known to him" that would

establish that the arrestee acted in self defense, and "[w]e do not impose a duty on the arresting

officer to investigate exculpatory defenses offered by the person being arrested or to assess the

credibility of unverified claims of justification before making an arrest." *Jocks v. Tavernier*, 316

F.3d 128, 135-36 (2d Cir. 2003). Nor was Ottomanelli "required to explore and eliminate every

theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Auth.*,

124 F.3d 123, 128 (2d Cir. 1997) (rejecting argument that "plaintiff's loud protestations of

innocence should have made clear to [the officer] that plaintiff was acting in self-defense").

Accordingly, Ottomanelli's failure to conduct a more extensive investigation before arresting Jean does not defeat probable cause.

We turn next to Jean's malicious prosecution claim under § 1983, which requires demonstration of the elements of such a claim under New York law: "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000) (quoting *Posr v. Court Officer Shield #207*, 180 F.3d 409, 417 (2d Cir. 1999)) (internal quotation marks omitted). In addition, a federal claim requires "that there was (5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Id.* "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ." *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) (first alteration in original) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)) (internal quotation marks omitted). Where, as here, the grand jury returns an indictment, "a presumption of probable cause" is created, which "may be rebutted only 'by evidence that the indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."'" *Id.* at 162 (quoting *Savino*, 331 F.3d at 72) (internal quotation mark omitted). We see no evidence that Ottomanelli engaged in police misconduct or otherwise acted in bad faith, and therefore Jean has not overcome the presumption of probable cause that attaches to the grand jury's indictment. For example, despite Jean's contention that the grand jury was misled, the grand jury was informed that Montina had not called the police after the theft of the cell phone and that Montina had confronted Jean to demand the return of the phone, which are facts that Jean emphasizes to show that Montina

4

was the aggressor and that Jean acted in self-defense. Accordingly, we conclude that Jean failed to rebut the presumption that there was probable cause to prosecute him. Because summary judgment is appropriate if the plaintiff fails to satisfy any one of the elements of a malicious prosecution claim, we need not address the remaining arguments.

Moreover, even assuming *arguendo* that there was a question of fact sufficient to defeat summary judgment on the merits as to whether there was probable cause either to arrest or to charge Jean, we conclude that Ottomanelli would nonetheless be entitled to qualified immunity for having "arguable probable cause" to arrest or charge. Arguable probable cause to arrest "exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Amore*, 624 F.3d at 536 (quoting *Walczyk v. Rio*, 496 F.3d 139, 163 (2d Cir. 2007)) (internal quotation mark omitted). Arguable probable cause to charge exists where, accounting for any new information learned subsequent to an arrest, "it was not manifestly unreasonable for [the defendant officer] to charge [the plaintiff]" with the crime in question. *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 572 (2d Cir. 1996). It is clear here that at the very least Ottomanelli had arguable probable cause to arrest Jean, and there is no evidence that he learned any new information subsequently that would make the decisions to charge Jean and to testify truthfully at the grand jury hearing objectively unreasonable. Even were a question of fact to exist sufficient to preclude summary judgment on either claim, Ottomanelli is thus nevertheless entitled to qualified immunity.

We have considered plaintiff's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK